789 A.2d 131 (2002)
347 N.J. Super. 150
STATE of New Jersey, Plaintiff-Respondent,
v.
Ricco JONES, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 2001.
Decided January 29, 2002.
Peter A. Garcia, Acting Public Defender, attorney for appellant, (Donald T. Thelander, Assistant Deputy Public Defender, of counsel and on the brief).
Wayne J. Forrest, Somerset County Prosecutor, attorney for respondent, (Joanne R. Gavan, Assistant Prosecutor, of counsel and on the brief).
Before Judges KESTIN, STEINBERG and BILDER.
The opinion of the court was delivered by *132 STEINBERG, J.A.D.
Defendant Ricco Jones entered pleas of guilty to various counts of four separate indictments. The sentencing judge imposed an aggregate custodial term of five years. One of the charges for which he was sentenced involved the theft of a motor vehicle. Another charge involved receiving stolen property, a motor vehicle. At a separate restitution hearing, defendant was ordered to pay restitution to the victims for their insurance deductibles, and was also ordered to make restitution to the victims' insurance carriers for damages to the motor vehicles. Defendant appealed. Because his appeal was limited strictly to the sentence, it was placed on our excessive sentence calendar and listed for oral argument without briefs. R. 2:9-11. The panel determined that the matter was not ready for disposition at oral argument without briefs and ordered briefing of the sole issue raised on appeal, restitution. Specifically, defendant contends that "N.J.S.A. 2C:43-2.1[,] which imposes mandatory restitution to be paid to the `owners' of stolen cars[,] cannot ... be used to impose mandatory restitution to insurance companies without regard to the defendant's ability to pay restitution."
Generally, "[i]n determining the amount and method of payment of restitution," the sentencing judge must consider "all financial resources of the defendant, including the defendant's likely future earnings, and shall set the amount of restitution so as to provide the victim with the fullest compensation for loss that is consistent with the defendant's ability to pay." N.J.S.A. 2C:44-2(c)(2). In addition, however, the Legislature has enacted N.J.S.A. 2C:43-2.1. This section requires any person who is convicted of an offense involving either the theft or unlawful taking of a motor vehicle to pay restitution "to the owner of the motor vehicle for any reasonable and necessary expense incurred by the owner in recovering the motor vehicle and for any damage to the motor vehicle prior to its recovery by the owner." N.J.S.A. 2C:43-2.1 (emphasis added). The judge must order defendant "to make restitution to the owner in the amount of the expenses and damages found by the court." Ibid. (emphasis added). The statute requires the sentencing court to "file a copy of the order with the clerk of the Superior Court," who is then required to enter the order in the record of docketed judgments. Ibid. Unlike the general restitution statute, N.J.S.A. 2C:43-2.1 imposes a mandatory obligation for restitution and is not dependent in any way upon defendant's financial resources or ability to pay.
Defendant contends that N.J.S.A. 2C:43-2.1 applies only to the actual loss sustained by the owner of the motor vehicle, and does not require restitution to an insurance carrier which has paid for its insured's damages. Thus, defendant contends that the statute only applies, in these cases, to the deductibles paid by the victims. We disagree.
We acknowledge that the statute provides for restitution to the "owner" of the motor vehicle and does not refer to the insurance carrier that has actually sustained the loss. We also recognize that penal statutes must be strictly construed and, furthermore, ambiguous language must be construed against the State. State v. Galloway, 133 N.J. 631, 658-59, 628 A.2d 735 (1993). However, "[e]ven a penal statute should not be construed to reach a ridiculous or absurd result." State v. Wrotny, 221 N.J.Super. 226, 229, 534 A.2d 87 (App.Div.1987). Indeed, the spirit of a statute controls "where a literal interpretation would create a manifestly absurd result." DeLisa v. County of Bergen, 165 N.J. 140, 147, 755 A.2d 578 (2000) (citation *133 omitted). If a literal interpretation of a statute would lead to a result that is "inconsistent with the overall purpose of the statute, that interpretation should be rejected." Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 392-93, 774 A.2d 495 (2001) (citations omitted). Thus, we must interpret a statute sensibly rather than literally. New Jersey State League of Municipalities v. Dep't of Cmty. Affairs, 158 N.J. 211, 224, 729 A.2d 21 (1999).
Guided by these canons of statutory construction, we readily conclude that the mandatory restitution contemplated by N.J.S.A. 2C:43-2.1 is available to insurance carriers who provide payments to their insureds as a result of losses sustained when a motor vehicle is stolen. To limit the mandatory restitution to the owner, who often loses only the deductible, would be absurd and inconsistent with the obvious legislative purpose of requiring those who steal an automobile to be financially responsible for the damages caused by their criminal acts. Losses sustained by insurance carriers are spread to the public in general in the form of higher premiums. Thus, a requirement for mandatory restitution serves a legitimate public purpose and should not be frustrated by a literal reading of the statute. This result is consistent with N.J.S.A. 2C:1-2(c), which suggests that the provisions of our criminal code "be construed according to the fair import of their terms[,] but when the language is susceptible of differing constructions, it shall be interpreted to further ... the special purposes of the particular provision involved."
In State v. Hill, 155 N.J. 270, 277, 714 A.2d 311 (1998), our Supreme Court, in considering N.J.S.A. 2C:43-3, refused to limit restitution to the direct victim of the offense. Instead, it allowed restitution to Asbury Park which had reimbursed the victim, a police officer, for benefits paid to the officer as a result of the injuries caused by the defendant's crime. The Court noted that it saw "no reason generally why the fortuity of an injured party being insured or otherwise protected from suffering economic hardship should excuse defendant from an obligation to pay restitution." Ibid. The Court stated that "[a]n easy illustration is that involving a car thief. One who steals an insured car should not thereby escape restitution for the loss." Ibid. Defendant contends that Hill is distinguishable because there the Court noted that a restitution hearing should be conducted to consider defendant's ability to pay, citing N.J.S.A. 2C:44-2. See ibid. We reject that distinction.
In Hill, the Court was considering N.J.S.A. 2C:43-3, the general restitution statute and N.J.S.A. 2C:44-2, which requires the court to consider defendant's ability to pay and imposes a mandatory restitution obligation. Here, however, we are considering N.J.S.A. 2C:43-2 which mandates restitution in all cases involving theft or unlawful taking of a motor vehicle. N.J.S.A. 2C:43-2.1 does not require consideration of defendant's ability to pay. In Hill, the Court further noted that it saw "no reason why all related aspects of the criminal [action] should not be disposed of in the criminal proceedings." Id. at 276, 714 A.2d 311. Likewise, here, we see no reason why the insurance carrier that suffered the major portion of the loss should be required, at its expense, to engage counsel and file a civil suit against defendant. Rather, the claim for restitution is ripe for determination in the criminal action and is best resolved in those proceedings.
Affirmed.