863 A.2d 1095 (2005)
374 N.J. Super. 176
STATE of New Jersey, Plaintiff-Respondent,
v.
Stephen SOLARSKI, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 1, 2004.
Decided January 11, 2005.
*1096 Donini & Ramsey, attorneys for appellant (Robert Ramsey, on the brief).
Joseph L. Bocchini, Jr., Mercer County Prosecutor, attorney for respondent. (John M. Carbonara, Assistant Prosecutor, on the brief).
Before Judges WEFING, FALL and C.S. FISHER.
The opinion of the court was delivered by
WEFING, P.J.A.D.
Defendant appeals from a trial court order denying his petition for post-conviction relief. After reviewing the record in light of the contentions advanced on appeal, we reverse.
Defendant was involved in a serious motor vehicle accident on July 19, 1996, following which he was charged with failure to obey traffic signals, N.J.S.A. 39:4-81; driving while on the revoked list, N.J.S.A. 39:3-40; driving while intoxicated (DWI), N.J.S.A. 39:4-50; and failure to wear a seatbelt, N.J.S.A. 39:3-76.2f. In addition, he was indicted for assault by auto, N.J.S.A. 2C:12-1(c). Eventually, he agreed to a negotiated disposition under which he entered a plea of guilty to assault by auto, DWI, and driving while on the revoked list. The remainder of the charges were dismissed.
At his sentencing in 1998, the trial court placed defendant on probation for five years for the assault conviction, conditioned upon his serving one hundred eighty days in jail, attending three meetings a week of Alcoholics Anonymous and performing one hundred hours of community service.
To settle on an appropriate sentence for the DWI conviction, the court reviewed defendant's driving abstract, which revealed that defendant had been convicted in January 1987 of DWI. It also revealed that defendant's driver's license had been suspended in 1994 after he had been convicted of operating a vessel while intoxicated, a violation of N.J.S.A. 12:7-46. The trial court thus sentenced defendant as a third offender. It directed he serve one hundred eighty days in jail, concurrent with the term imposed for assault by auto, and that his driver's license be suspended for ten years.
For the remaining conviction, driving while on the revoked list, the court sentenced defendant to a concurrent forty-five days in jail and suspended his driver's license for one year, consecutive to the license suspension for DWI.
In October 2002, defendant filed a petition for post-conviction relief in which he urged that the trial court in 1998 had improperly sentenced him as a third offender.[1] The trial court denied his petition.
*1097 Defendant has appealed from the trial court order, contending that the conviction for operating a vessel while intoxicated does not constitute an offense under N.J.S.A. 39:4-50, and thus he should not have been sentenced in 1998 as a third offender. The State concedes that N.J.S.A. 39:4-50 is ambiguous in this regard but asserts that a conviction under N.J.S.A. 12:7-46 can still be used for purposes of a penalty enhancement under N.J.S.A. 39:4-50. It stresses that neither statute precludes a violation of the one statute from triggering a penalty enhancement under the other. It also contends that to interpret Title 39 in this manner serves the legislative intent and accords with the policies underlying the statute.
At the time of defendant's offense, N.J.S.A. 39:4-50(a) provided in pertinent part:
A person who operates a motor vehicle while under the influence of intoxicating liquor, ... or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood ..., shall be subject:
(1) For the first offense, to ... a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than six months nor more than one year.
(2) For a second violation, a person shall be ... sentenced to imprisonment for a term of not less than 48 consecutive hours, which shall not be suspended or served on probation, nor more than 90 days, and shall forfeit his right to operate a motor vehicle over the highways of this State for a period of two years upon conviction....
(3) For a third or subsequent violation, a person shall ... forfeit his right to operate a motor vehicle over the highways of this State for 10 years.
....
A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender....
It is well settled that our drunk driving statute is quasi-criminal in nature. State v. Widmaier, 157 N.J. 475, 494, 724 A.2d 241 (1999); State v. Tischio, 107 N.J. 504, 511, 527 A.2d 388 (1987), appeal dismissed, 484 U.S. 1038, 108 S.Ct. 768, 98 L. Ed.2d 855 (1988); State v. Gonzalez, 186 N.J.Super. 609, 612-13, 453 A.2d 297 (1982).
A statute is considered penal or quasi-criminal when it "provides for either a fine or imprisonment, or both, upon conviction for violation of the statute." State v. Son, 179 N.J.Super. 549, 554, 432 A.2d 947 (App.Div.1981); see also Widmaier, supra, 157 N.J. at 493, 724 A.2d 241 (noting seven factors used to determine whether a statutory scheme is punitive or remedial). "[P]enal statutes that are open to more than one reasonable construction must be construed strictly against the State." State v. Churchdale Leasing, Inc., 115 N.J. 83, 102, 557 A.2d 277 (1989) (holding rules of statutory construction limited cumulative punishments under two ambiguous statutes where it was unclear if violator should be penalized under both provisions).
"Where the primary purpose of a statute is expressly enforceable by fine, imprisonment, or similar punishment the statute is always construed as penal." Norman J. Singer, 3 Sutherland Statutory Construction § 59.1 (2001).
This simply means that words are given their ordinary meaning and that *1098 any reasonable doubt about the meaning is decided in favor of anyone subjected to a criminal statute.
[Id. at § 59:3.]
We recognize that our task involves more than simply recognizing the penal nature of the statute and repeating the mantra that it is, consequently, to be strictly construed. "[E]ven when dealing with a criminal statute, `the goal of the interpretive process is to ascertain the intent of the [L]egislature. All rules of construction are subordinate to that obvious proposition." Tischio, supra, 107 N.J. at 511, 527 A.2d 388 (quoting State v. Grant, 196 N.J.Super. 470, 483 A.2d 411 (App.Div.1984)).
It is well recognized that "the rule of strict construction does not mean that the manifestations of the Legislature's intention should be disregarded." State v. Edwards, 28 N.J. 292, 298, 146 A.2d 209 (1958). "While penal and criminal statutes are to be strictly read to avoid penalties by construction... the words of the enactment are to be accorded a rational meaning in harmony with the obvious intent and purpose of the law." State v. Brown, 22 N.J. 405, 415, 126 A.2d 161 (1956). We have stated that:
penal statutes must be strictly construed and [that] ambiguous language must be construed against the State. However, even a penal statute should not be construed to reach a ridiculous or absurd result. Indeed, the spirit of a statute controls where a literal interpretation [of a statute] would create a manifestly absurd result. If a literal interpretation of a statute would lead to a result that is inconsistent with the overall purpose of the statute, that interpretation should be rejected.
[State v. Jones, 347 N.J.Super. 150, 153, 789 A.2d 131 (App.Div.), certif. denied, 172 N.J. 181, 796 A.2d 897 (2002) (citations omitted).]
Defendant points to the following portion of N.J.S.A. 39:4-50: "A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender ..." He stresses that his conviction for operating a vessel while intoxicated was not a "violation of this section" but, rather, was a conviction under N.J.S.A. 12:7-46. The State contends that defendant's interpretation conflicts with another portion of N.J.S.A. 39:4-50, which states "[a] conviction of a violation of a law of a substantially similar nature in another jurisdiction ... shall constitute a prior conviction under this subsection...."
In our view, the State's argument misreads this portion of the statute, which clearly refers to a conviction for driving while intoxicated in a state other than New Jersey. It does not refer to convictions under other titles of our statutes.
Our conclusion in this regard is strengthened by succeeding paragraphs in N.J.S.A. 39:4-50, in which the Legislature did include reference to other statutory titles, recognizing that driving privileges may be revoked or suspended under Title 2C, as well as Title 39, and directing that fines imposed for violations of N.J.S.A. 39:4-50 be used to fund alcohol education programs under Title 26. When the Legislature intended to refer to titles other than Title 39, it clearly knew how to do so. It expressed no such intent with respect to violations under Title 12.
A close examination of N.J.S.A. 12:7-46 and N.J.S.A. 39:4-50 reveals that the two statutes do not mirror one another. A first offense under N.J.S.A. 12:7-46 results, among other penalties, in the loss of a driver's license for three months, while a first offense under N.J.S.A. 39:4-50 results in the loss of a driver's license for at least six months, and the suspension can last as long as one year. A second offense under *1099 N.J.S.A. 12:7-46 produces a suspension for six months of the defendant's driving privileges while a second offender under N.J.S.A. 39:4-50 loses his driving privileges for two years. A third offender under N.J.S.A. 12:7-46 loses the privilege to drive a motor vehicle for two years, but a third offender under N.J.S.A. 39:4-50 loses the privilege to drive a motor vehicle for ten years.
The difference in the length of license suspension under these two statutes indicates to us a legislative intent that the penalty provisions of these two statutes were not intended to mutually enhance each other. Under the interpretation put forth by the State, an individual who was convicted of operating a vessel while intoxicated under N.J.S.A. 12:7-46 and later convicted of DWI under N.J.S.A. 39:4-50 would receive a greater punishment than one initially convicted of DWI under N.J.S.A. 39:4-50 and later convicted of operating a vessel while intoxicated under N.J.S.A. 12:7-46.
The words "previous violation of this section" contained within N.J.S.A. 39:4-50 can have, in our judgment, no other meaning than a previous violation of N.J.S.A. 39:4-50. There may well be policy reasons why a sentencing court should be permitted to utilize a violation of N.J.S.A. 12:7-46 to enhance the penalties for a subsequent violation of N.J.S.A. 39:4-50. Those policy reasons, however, should be addressed to the Legislature. To reach the result urged by the State would require more than judicial interpretation of this statute; it would require us to rewrite it entirely. See State v. Carreker, 172 N.J. 100, 113, 796 A.2d 847 (2002) (noting "We cannot ... supplement the statute by giving it more breadth than that intended by its drafters.")
One other matter must be addressed. Defendant's sentence was imposed as the result of plea negotiations with the State. We have held in other contexts that if a defendant contends that a sentence imposed pursuant to a plea bargain is illegal, he must first seek relief by filing a motion to withdraw the plea of guilty. State v. Hernandez, 338 N.J.Super. 317, 323, 768 A.2d 1062 (App.Div.2001). We have considered whether similar principles should apply in this matter, compelling defendant to file a motion before the trial court to withdraw his plea of guilty. We are satisfied, however, that they do not.
Several factors inform that conclusion. The penalties for DWI, in terms of loss of driving privileges for a subsequent offense, are not negotiable. A second offender under N.J.S.A. 39:4-50 must lose his driving privileges for two years and a third offender for ten. The State may not offer a lesser period, and the sentencing court may not impose a greater period. In terms of defendant's DWI conviction, defendant did not receive a lesser period of license suspension in return for his plea of guilty. Defendant has, moreover, satisfied all the terms of the sentence imposed upon him in 1998, other than completing the ten-year period of license suspension.
We note that the effect of our decision is not the automatic restoration of defendant's driving privileges. A person convicted of a second offense under N.J.S.A. 39:4-50 must apply to the licensing bureau to have his license restored.
The parties have not addressed before us whether defendant must still serve the one-year license suspension imposed for driving while on the revoked list or whether that was subsumed within the six-year suspension defendant has served thus far. We express no opinion on the question. If the parties do not agree on the resolution *1100 of that question, either party may return to the trial court for guidance.
Reversed.
NOTES
[1] Defendant raised another issue in his petition which is not material to the question before us on appeal.