30 A.3d 339

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
JEFFREY S. ZEIKEL, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 26, 2011—Decided November 9, 2011.

Before Judges RODRÍGUEZ,[1] SABATINO and ASHRAFI.

*John T. Grogan, Jr.,* argued the cause for appellant (*Bubb, Grogan & Cocca, LLP,* attorneys; *Mr. Grogan,* of counsel and on the brief, *Jignesh J. Shah,* on the brief).

*Daryl A. Williams,* Assistant Prosecutor, argued the cause for respondent (*Geoffrey D. Soriano,* Somerset County Prosecutor, attorney; *Michael McLaughlin,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

ASHRAFI, J.A.D.

Defendant Jeffrey Zeikel appeals his sentence under *N.J.S.A.* 39:4–50 as a third-time offender for driving while intoxicated ("DWI"). We affirm.

I.

On December 6, 2009, defendant was arrested in Bedminster Township after a motor vehicle stop, and chemical testing determined his blood alcohol concentration as 0.29%. He pleaded guilty to DWI on June 15, 2010.

Defendant's certified driver's abstract indicated he had three previous drinking-and-driving convictions. On September 12, 1981, he was convicted in New York State of driving while ability impaired ("DWAI"), in violation of *N.Y. Veh. & Traf. Law*

---

[1] Judge Rodríguez did not participate at oral argument of the appeal, but has participated in the decision with the consent of the parties. *See R.* 2:13–2(b).

§ 1192(1). On June 13, 1984, defendant was convicted again in New York State of DWAI and of refusal to submit to a chemical test. On October 13, 1994, he was convicted in Chatham Borough, New Jersey, of DWI and of refusal to submit to a chemical test. Defendant asserts he was sentenced as a first-time offender for the 1994 offense. After pleading guilty to the present offense in 2010, he again sought to be sentenced as a first-time offender under the so-called "step-down" provision of the DWI statute.[2]

---

[2] The DWI statute has progressively higher maximum and mandatory sentencing provisions for repeat offenders. The statute establishes the following sentencing provisions pertaining to fines, jail sentences, and periods of license revocation:

(1) For the first offense:

(i) if the person's blood alcohol concentration is 0.08% or higher but less than 0.10% ... to a fine of not less than $250 nor more than $400 ... and, in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of three months; (ii) if the person's blood alcohol concentration is 0.10% or higher ... to a fine of not less than $300 nor more than $500 ... and, in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than seven months nor more than one year;

. . . .

(2) For a second violation, a person shall be subject to a fine of not less than $500.00 nor more than $1,000.00, ... and shall be sentenced to imprisonment for a term of not less than 48 consecutive hours, ... nor more than 90 days, and shall forfeit his right to operate a motor vehicle over the highways of this State for a period of two years upon conviction....

(3) For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days .. and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years....

[N.J.S.A. 39:4-50(a).]

The "step-down" sentencing provision states:

[I]f the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.

[Ibid.]

The Bedminster Township Municipal Court concluded that defendant was a four-time repeat offender and rejected his argument for sentencing as a first-time offender. The court acknowledged the passage of more than ten years since his last offense in 1994 but took into account his 1980s New York State convictions. The court sentenced defendant as a third-time offender to 180 days in the county jail, ten years suspension of his driver's license, a fine of $1,006, and other mandatory money penalties and loss of driving and motor vehicle registration privileges.[3]

Defendant appealed his sentence to the Superior Court, Law Division, pursuant to *Rule* 3:23. On de novo review, the Law Division determined that defendant was correctly sentenced to penalties as a third-time offender and imposed the same sentence as the municipal court.

On appeal before us, defendant makes the following arguments:

POINT I

RETROACTIVE APPLICATION OF AMENDMENT TO *N.J.S.A.* 39:4–50 GOVERNING OUT-OF-STATE CONVICTIONS IS NOT PERMITTED UNDER THE UNITED STATES CONSTITUTION OR NEW JERSEY AND FEDERAL LAW.

POINT II

EVEN ASSUMING THAT *N.J.S.A.* 39:4–50 APPLIES RETROACTIVELY, THERE IS SUFFICIENT EVIDENCE IN THE RECORD TO CONCLUDE THAT DEFENDANT'S 1981 NEW YORK CONVICTION WAS BASED ON A BAC READING OF LESS THAN .10% AND THEREFORE CANNOT CONSTITUTE A PRIOR OFFENSE UNDER THE STATUTE.

POINT III

DEFENDANT'S 1981 AND 1983 NEW YORK DWAI CONVICTIONS ARE NOT SUBSTANTIALLY SIMILAR TO *N.J.S.A.* 39:4–50 AND AS SUCH SHOULD BE EXCLUDED FOR SENTENCE ENHANCEMENT PURPOSES.

■■■■ Because defendant's arguments primarily address questions of law, our standard of review is plenary. We give no "special deference" to the Law Division's "interpretation of the law and the legal consequences that flow from established facts."

---

[3] Our record on appeal contains neither the judgment of conviction in the municipal court nor an indication of whether parts or all of defendant's sentence were stayed pending appeal.

*Manalapan Realty, L.P. v. Manalapan Twp. Comm.*, 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995). We must determine whether defendant's New York State convictions for DWAI were properly considered in determining his sentencing status in 2010 under New Jersey's DWI statute. To the extent the lower courts made factual determinations regarding the nature of the New York State convictions, our standard of review is nevertheless plenary because the lower courts did not take any testimony but relied solely on the same documentary record that is before us on appeal. *Cf. Citizens Bank & Trust Co. v. Glaser*, 70 *N.J.* 72, 80, 357 *A.*2d 753 (1976) (de novo appellate review is appropriate where contested facts were determined by a "review of documents and affidavits, without a formal hearing").

## II.

We reject defendant's several constitutional and factual challenges to use of his prior convictions for enhancement of his 2010 DWI sentence.

Defendant contends the lower courts violated the constitutional prohibition against *ex post facto* laws, *see U.S. Const.*, art. I, § 10, cl. 1; *N.J. Const.*, art. IV, § 7, ¶ 3, when they imposed sentence under a 1997 amendment of the DWI statute based on prior convictions that occurred before enactment of the amendment. The 1997 amendment states:

> A conviction of a violation of a law of a substantially similar nature in another jurisdiction, ... shall constitute a prior conviction under this subsection unless the defendant can demonstrate by clear and convincing evidence that the conviction in the other jurisdiction was based exclusively upon a violation of a proscribed blood alcohol concentration of less than 0.08%.
>
> [*L.* 1997, *c.* 277, § 1 (*N.J.S.A.* 39:4–50(a)(3)).]

Previously, the statute required that a conviction from another jurisdiction be based on a BAC of at least 0.10%. *See* 1997 *N.J. ALS* 277 § 1. As amended, the statute deleted that requirement and placed the burden of proof upon a defendant to exclude an out-of-state conviction from enhancing his sentence by showing clear and convincing evidence that the prior conviction was based

"exclusively" on a violation that proscribed a BAC of less than 0.08%.[4] The prosecution is now required to show only that the law of the other jurisdiction was "of a substantially similar nature" as New Jersey's DWI statute.

Defendant contends that use of his 1980s New York State convictions under the amended statute violates the *ex post facto* clauses of the United States and New Jersey constitutions. An *ex post facto* law is one that "makes punishment for a crime more burdensome after its commission or which deprives defendant of a defense available when the act was committed." *State v. Nagle,* 226 *N.J.Super.* 513, 516–17, 545 *A.*2d 182 (App.Div.1988) (internal citations omitted).

Statutes that enhance the punishment for repeat offenders are not *ex post facto* laws. "[R]ecidivist statutes do not violate the *Ex Post Facto Clause* if they were on the books at the time the triggering offense was committed." *State v. Oliver,* 162 *N.J.* 580, 587, 745 *A.*2d 1165 (2000) (citing *Gryger v. Burke,* 334 *U.S.* 728, 732, 68 *S.Ct.* 1256, 1258, 92 *L.Ed.* 1683, 1687 (1948)). Recidivist statutes stiffen penalties for the latest crime; they do not increase the penalty for a prior offense. *Cf. State v. Laurick,* 120 *N.J.* 1, 4, 575 *A.*2d 1340 (although "court policy" prohibits use of a prior uncounseled conviction "to increase a defendant's loss of liberty, there is no constitutional impediment to the use of the prior uncounseled DWI conviction to establish repeat-offender status under DWI laws"), *cert. denied,* 498 *U.S.* 967, 111 *S.Ct.* 429, 112 *L.Ed.*2d 413 (1990).

The quoted amendment to *N.J.S.A.* 39:4–50(a)(3), concerning the effect of out-of-state convictions, was enacted in December 1997, and defendant's DWI violation occurred twelve years later in December 2009. Because the law under which defendant was sentenced was enacted before the present triggering offense,

---

[4] The 1997 amendment referred to a BAC of 0.10%. *L.* 1997, *c.* 277, § 1. By 2003 amendment, the threshold BAC level was reduced to 0.08%. *L.* 2003, *c.* 314, § 1.

defendant's sentence does not offend the *ex post facto* clauses of the federal or State constitutions.

Defendant also contends that the lower courts denied him a statutory "right" under *N.J.S.A.* 39:4–50(a)(3) to exclude a prior out-of-state conviction as one based on a BAC of less than 0.08%. He states that use of decades-old convictions for which documentary evidence is now unobtainable prevents him from presenting the statutory defense.

As previously stated, *N.J.S.A.* 39:4–50(a)(3) allows a defendant to exclude a prior conviction if "the defendant can demonstrate by clear and convincing evidence that the conviction in the other jurisdiction was based exclusively upon a violation of a proscribed blood alcohol concentration of less than 0.08%." No record exists of defendant's BAC for any of the prior convictions. He refused chemical testing in 1984 and 1994, and documents or other evidence could not be found for his 1981 conviction for DWAI in New York. Defendant submitted his own certification to the Bedminster Township Municipal Court declaring that his BAC was in fact 0.06% for the 1981 DWAI charge in New York. The lower courts concluded his certification alone was not clear and convincing evidence of a BAC of less than 0.08% and that he had not carried his burden of proving the defense that an earlier conviction should be disregarded. We agree with that conclusion.

We reject defendant's argument that principles of due process preclude a recidivist sentencing enhancement because he was not given adequate notice at the time of the prior convictions to preserve the necessary exculpatory evidence for possible future violations. Recidivist statutes have withstood due process attacks as long as they require the government to prove each element that enhances the sentence. *See McMillan v. Pennsylvania,* 477 *U.S.* 79, 91–92, 106 *S.Ct.* 2411, 2419, 91 *L.Ed.*2d 67, 80 (1986); *Oliver, supra,* 162 *N.J.* at 590, 745 *A.*2d 1165.

In *State v. Nicolai,* 287 *N.J.Super.* 528, 532, 671 *A.*2d 611 (App.Div.1996), we held that "the failure to receive written or oral

notice of the penalties applicable to a second, third or subsequent conviction does not bar imposition of the progressively enhanced sentences mandated by our statutes." Accord *State v. Petrello*, 251 *N.J.Super.* 476, 478–79, 598 *A.*2d 927 (App.Div.1991). If a repeat offender has no constitutional right to written or oral notice of enhanced potential sentences in the future, there is also no due process requirement of prior notice of a potential defense for a future offense.

We also find no merit in defendant's assertion that, because the Chatham Borough Municipal Court previously sentenced him as a first-offender, the Bedminster Township Municipal Court was precluded under principles of due process from deviating from the prior ruling. We need not decide whether the Chatham sentence in 1994 was an illegal or a correct sentence. A defendant has no "vested right" in a prior sentence. *Nicolai, supra*, 287 *N.J.Super.* at 531–32, 671 *A.*2d 611; *see also State v. Jefimowicz*, 119 *N.J.* 152, 162, 574 *A.*2d 428 (1990) (judicial obligation to enforce a legislatively mandated sentence). Thus, defendant had no right to expect that future DWI sentencing courts would be bound by a decision of a prior court of equal authority. The statute, not a prior court ruling, controls the appropriate sentence.

### III.

Defendant also raises a statutory argument that the New York DWAI convictions in violation of *N.Y. Veh. & Traf. Law* § 1192(1) are not "of a substantially similar nature" as New Jersey's DWI statute.

The Legislature did not specifically define "substantially similar nature" in amending the New Jersey statute in 1997. However, the amendment deleted a requirement that the prosecution prove a BAC level above the threshold to demonstrate that an out-of-state conviction is substantially similar. Thus, the Legislature indicated its intent that a finding of substantial similarity would not necessarily turn on evidence of the BAC level.

Although prior decisions have not interpreted the "substantially similar" language of *N.J.S.A.* 39:4–50, identical language in the Interstate Driver License Compact ("IDLC")[5], *see N.J.S.A.* 39:5D–4(a)(4), (c), was interpreted in *Div. of Motor Veh. v. Lawrence*, 194 *N.J.Super.* 1, 475 *A.*2d 1265 (App.Div.1983). There, we held that a New York DWAI conviction was "of a substantially similar nature" as a New Jersey DWI conviction. *Id.* at 2–3, 475 *A.*2d 1265. Comparing the language and policy goals of the New York and New Jersey statutes, we concluded that both laws "deal with alcohol-related offenses and are aimed to deter and punish drunk drivers." *Id.* at 3, 475 *A.*2d 1265. We stated further that the language of New Jersey's DWI statute is broad enough to encompass New York's DWAI provision because New Jersey's DWI law prohibits not only "intoxication" but also "a general condition, short of intoxication, as a result of which every motor vehicle operator has to be said to be so affected in judgment as to make it improper for him to drive on the highways." *Id.* at 2–3, 475 *A.*2d 1265 (quoting *State v. Johnson*, 42 *N.J.* 146, 165, 199 *A.*2d 809 (1964)).

In addition, we previously held that a conviction under New Jersey's abolished DWAI provision, in effect from 1966 to 1977, counts as a prior DWI conviction for sentencing purposes under *N.J.S.A.* 39:5D–4(a)(4), (c). *State v. Culbertson*, 156 *N.J.Super.* 167, 383 *A.*2d 729 (App.Div.1978). We said "the same elements of proof formerly necessary to establish operation while impaired, now establish a violation of the [DWI] statute and constitute operation while under the influence of alcohol." *Id.* at 171, 383 *A.*2d 729. In sum, "prior convictions for operating under the influence or operating while the ability to do so is impaired are both for violations of the same statute. We see no reason for

[5] The IDLC is an interstate agreement whereby each participating state agrees to treat an out-of-state DWI/DUI conviction as if the conviction had occurred within its own jurisdiction as long as the out-of-state conviction was "of a substantially similar nature." *N.J.S.A.* 39:5D–4(a)(2), (c).

treating a conviction of either one any differently for second or subsequent offender purposes." *Id.* at 172, 383 *A.*2d 729.

On the other hand, in *N.J. Div. of Motor Veh. v. Ripley,* 364 *N.J.Super.* 343, 349, 835 *A.*2d 1252 (App.Div.2003), we held that a conviction under Utah's alcohol-related reckless driving statute was not "substantially similar" to a New Jersey DWI conviction. In *Ripley,* we acknowledged New Jersey's broad definition of DWI but nevertheless concluded that Utah's law was not substantially similar because it lacked "any specific or minimum level of intoxication or [BAC], ... [it] merely require[d] some consumption of alcohol in connection with the reckless driving." *Id.* at 349, 835 *A.*2d 1252. We said that, for an out-of-state law to be substantially similar, it must require the consumption of alcohol to cause some degree of impairment on the defendant's driving ability. *Id.* at 349–50, 835 *A.*2d 1252.

We also reversed an enhanced sentence where the prior conviction was for operating a vessel while intoxicated in violation of *N.J.S.A.* 12:7–46. *State v. Solarski,* 374 *N.J.Super.* 176, 863 *A.*2d 1095 (App.Div.2005). We explained that the two statutes were not sufficiently congruent to support the conclusion that operating a vessel while intoxicated is substantially similar to operating a land-based motor vehicle while intoxicated. *Id.* at 182, 863 *A.*2d 1095.

Most recently in *State v. Ciancaglini,* 204 *N.J.* 597, 599, 10 *A.*3d 870 (2011), the Supreme Court held that a conviction for refusal to submit to a chemical test under *N.J.S.A.* 39:4–50.4a could not be counted as a prior DWI conviction to enhance a sentence under *N.J.S.A.* 39:4–50. The Court recognized that refusal and DWI convictions share a similar progressive punishment scheme and implicate related policy purposes. *Id.* at 606–08, 10 *A.*3d 870. Nevertheless, the Court construed literally the phrase "subsequent offense under this section" in the refusal statute and held that it limits enhanced punishment to the refusal statute only. *Id.* at 609, 10 *A.*3d 870. The Court interpreted the two statutes strictly in favor of a defendant because they are penal laws. *Id.* at 606, 10 *A.*3d 870.

The facts of this case are distinguishable from the three cited cases that reversed enhanced sentences. In *Ripley, supra,* 364 *N.J.Super.* 343, 835 *A.*2d 1252, the out-of-state conviction was not substantially similar because Utah's law did not require a causal link between the alcohol consumption and offensive conduct. We viewed "impaired driving ability" as the crucial element necessary to apply the statute of another jurisdiction as substantially similar to New Jersey's DWI statute. *Id.* at 349, 835 *A.*2d 1252. In contrast to the Utah statute, New York's DWAI statute required the consumption of alcohol to impair driving ability.

In *Solarski, supra,* 374 *N.J.Super.* 176, 863 *A.*2d 1095, the enhanced sentence was set aside because New Jersey's DWI statute is silent as to the significance of convictions for operating watercraft while intoxicated. Here, all convictions involved driving a motor vehicle on land.

In *Ciancaglini, supra,* 204 *N.J.* 597, 10 *A.*3d 870, the enhanced sentence was overturned because the relevant statutory language limits prior convictions to a specific statutory section. Here, by contrast, the Legislature expanded the reach of *N.J.S.A.* 39:4–50(a)(3) and explicitly provided for the inclusion of convictions under statutes from other jurisdictions.

Defendant contends that differences in structure and language of New York's and New Jersey's laws demonstrate that his conduct in 1981 and 1984 would not constitute a violation of New Jersey's current DWI statute. He also argues that New Jersey has set a higher threshold for a finding of "intoxication" than required by New York's DWAI statute.

At the time of defendant's convictions, *N.Y. Veh. & Traf. Law* § 1192 divided driving while under the influence of alcohol into three offenses: subsection 1 was violated by driving while ability was impaired by the consumption of alcohol, i.e. DWAI; subsection 2 was violated by operating a motor vehicle with more than 0.10% blood alcohol concentration, i.e. per se DWI; and subsection 3 was violated by driving while intoxicated without specific designation of BAC, i.e. DWI by observation or other evidence. *N.Y.*

*Veh. & Traf. Law* § 1192; *see People v. Brown,* 53 *N.Y.*2d 979, 441 *N.Y.S.*2d 662, 424 *N.E.*2d 549, 550 (1981) (referencing the subsections of the 1981 version of § 1192).

Unlike the New York statute, the New Jersey DWI statute establishes a single offense that can be proven in two different ways relevant to this case: "operat[ing] a motor vehicle while under the influence of intoxicating liquor, ... [and] operat[ing] a motor vehicle with a blood alcohol concentration of 0.08% or more," *N.J.S.A.* 39:4–50, that is, observational or per se DWI. *See State v. Kashi,* 180 *N.J.* 45, 48, 848 *A.*2d 744 (2004).

 Defendant's argument presumes a narrow interpretation of the phrase driving "under the influence of intoxicating liquor." "Intoxication" not only includes obvious manifestations of drunkenness but any degree of impairment that affects a person's ability to operate a motor vehicle. *See Lawrence, supra,* 194 *N.J.Super.* at 2–3, 475 *A.*2d 1265. Like New Jersey, New York defines impairment broadly to include any degree of impairment of a person's physical or mental abilities to operate a motor vehicle. *People v. Cruz,* 48 *N.Y.*2d 419, 423 *N.Y.S.*2d 625, 399 *N.E.*2d 513, 516 (1979); *see People v. Hoag,* 51 *N.Y.*2d 632, 435 *N.Y.S.*2d 698, 416 *N.E.*2d 1033, 1035 (1981).

 Furthermore, the New Jersey precedents established in *Culbertson, supra,* 156 *N.J.Super.* 167, 383 *A.*2d 729, and *Lawrence, supra,* 194 *N.J.Super.* 1, 475 *A.*2d 1265, are presumed to have been known to the Legislature when it amended the statute in 1997. *See DiProspero v. Penn,* 183 *N.J.* 477, 494, 874 *A.*2d 1039 (2005). By designating as an affirmative defense violations of "substantially similar" out-of-state laws that are based *exclusively* on a BAC of less than 0.08%, the Legislature indicated its understanding that such lower BAC levels can nevertheless co-exist with offenses "of a substantially similar nature" as New Jersey's DWI statute.

In sum, because New Jersey has interpreted "intoxication" to include any degree of impairment in driving ability, defendant's

convictions in 1981 and 1984 were of a substantially similar nature as a DWI conviction in New Jersey. Without clear and convincing proof from defendant that they were based exclusively on a BAC of less than 0.08%, the New York convictions were properly considered in determining his sentencing status in 2010.

Affirmed.