**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1268-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RZWAN AZIZ,

    Defendant-Appellant.

_____

Submitted March 23, 2020 – Decided April 27, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 6185.

John V. Saykanic, attorney for appellant.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    In this driving-under-the-influence (DUI) appeal, Rzwan Aziz argues that

the Law Division erred in holding that his prior New York conviction for driving

while ability impaired (DWAI), N.Y. Veh. & Traffic Law § 1192(1), was "[a] conviction of a violation of a law of a substantially similar nature," to a violation of New Jersey's DUI law, N.J.S.A. 39:4-50. Based on that holding, the court sentenced Aziz as a third-time DUI offender, imposing a ten-year license suspension and 180-day jail term, after he conditionally pleaded guilty to driving under the influence on April 7, 2018, in Wayne, New Jersey.[1] In addition to Aziz's 2016 New York conviction, he was convicted of driving under the influence in New Jersey in 2013.

We affirm, substantially based on our analysis in State v. Zeikel, 423 N.J. Super. 34 (App. Div. 2011). In that case, we interpreted N.J.S.A. 39:4-50(a), which states:

> A conviction of a violation of a law of a substantially similar nature in another jurisdiction, . . . shall constitute a prior conviction under this subsection unless the defendant can demonstrate by clear and convincing evidence that the conviction in the other jurisdiction was based exclusively upon a violation of a proscribed blood alcohol concentration of less than .08%.

We held that, absent proof that a New York DWAI conviction was based exclusively on a blood alcohol reading of less than .08, a DWAI conviction is

---

[1] We denied Aziz's motion to stay the custodial portion of his sentence pending appeal.

A-1268-18T4

"substantially similar [in] nature" to driving under the influence under New Jersey law, and shall be treated as a prior conviction for sentencing enhancement purposes. Id. at 48.

Aziz asserts that Zeikel was wrongly decided. We do not agree. He argues that a DWAI conviction "is indicative of a circumstance where a defendant has a reading of below a .08." He contends a driver with a .08 reading would surely be prosecuted for the more serious driving-while-intoxicated (DWI) offense under N.Y. Veh. & Traffic Law § 1192(2), which establishes a per se DWI offense based on a .08 reading. Aziz's argument misses the mark. First, a New York defendant conceivably may be prosecuted for DWAI, instead of DWI, simply because there is no BAC evidence at all. Secondly, a DWAI offender with less than .08 BAC still commits an offense substantially similar in nature to a New Jersey DUI under N.J.S.A. 39:4-50(a), so long as the less-than-.08 reading is not the exclusive basis for the New York conviction.

The record before us does not indicate whether Aziz's New York conviction followed a trial verdict, or a guilty plea. But, the circumstances of the offense present no reason to question the wisdom of considering his New York conviction for sentencing enhancement purposes under New Jersey law. According to the complaints and "Supporting Deposition/Bill of Particulars"

completed by the New York officer, police stopped Aziz shortly after 4:00 a.m. in Poughkeepsie for failing to yield while making a left turn at a green light, and speeding (going 46 m.p.h. in a 30 m.p.h. zone). The officer detected the odor of alcoholic beverage; Aziz had glassy eyes; he had impaired motor coordination; and he swayed while standing. Aziz admitted he drank two or three beers earlier that night (the report lists both quantities). A "preliminary breath test" yielded a .08 result; but then Aziz, over the next twenty-five minutes, refused four requests to submit to what we presume was a binding test. He did submit to field sobriety tests, but "failed," including stepping out of line, taking the wrong number of steps, and failing to keep his balance in the walk and turn test.

It is well-settled that such a totality of circumstances, if proved, would establish an observational DUI violation under our law. See State v. Johnson, 42 N.J. 146, 165 (1964) (noting that the prohibited condition need not rise to intoxication, and a violation occurs if a motorist, after consuming intoxicating liquors, was "so affected in judgment or control as to make it improper for him [or her] to drive on the highways"); State v. Kent, 391 N.J. Super. 352, 383-84 (App. Div. 2007) (affirming DUI conviction where the defendant caused a single car accident and had watery, bloodshot eyes, and stumbled and slurred his

words); State v. Cryan, 363 N.J. Super. 442, 456 (App. Div. 2003) (affirming conviction where the defendant, who crashed into a tree, admitted he had three or four drinks; and he had bloodshot eyes, alcoholic odor, demonstrated a hostile demeanor, failed to follow directions in performing a finger dexterity test, and lost his balance); State v. Oliveri, 336 N.J. Super. 244, 251-52 (App. Div. 2001) (affirming a DUI conviction where an officer stopped a racing-type vehicle that heavily accelerated, appeared out of control, and the driver had watery eyes, slurred his words and spoke slowly, staggered, could not perform field sobriety tests, and admitted to drinking alcohol); State v. Morris, 262 N.J. Super. 413, 421 (App. Div. 1993) (affirming DUI conviction based on the defendant's slurred speech, loud and abrasive behavior, disheveled appearance, bloodshot eyes, and odor of alcoholic beverages, where defendant had not yet even taken to the public roads).

Aziz's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1268-18T4