**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4097-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICKY ROMAN,

    Defendant-Appellant.

_____

Argued January 31, 2022 – Decided February 10, 2022

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-05-0807.

Jeffrey G. Garrigan argued the cause for appellant (Cammarata, Nulty & Garrigan, LLC, attorneys; John P. Nulty, Jr., and Jeffrey G. Garrigan, on the briefs).

Erin M. Campbell, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Erin M. Campbell, on the brief).

PER CURIAM

Defendant appeals from an October 29, 2019 order denying his petition for post-conviction relief (PCR).  The PCR judge entered the order without an evidentiary hearing and issued an oral opinion.  Defendant maintains his trial counsel rendered ineffective assistance[1] and asserts that the PCR judge erred by not conducting an evidentiary hearing.  He urges us to reverse and remand for a hearing.

Defendant argues that his trial counsel—who allegedly practiced law primarily in New York—was sufficiently unfamiliar with the rules of evidence to properly advise him about the admissibility of a statement by a witness that was no longer available to testify at the second trial.[2]  Had defendant known that the statement would have been introduced into evidence, he argues he would have accepted the State's favorable plea offer of ten years in prison.  Instead, he rejected the offer, was found guilty, and received a sentence of life in prison.  Defendant also asserts the State procured the witness's unavailability, which is corroborated by a certification of the witness himself,

[1]  Although defendant raised ineffective assistance of counsel claims against his direct appellate counsel in his original PCR petition, his primary focus in this appeal is on the purported ineffectiveness of his trial counsel.

[2]  The first trial resulted in a mistrial due to a hung jury.

A-4097-19

and that this procurement is directly relevant to the erroneous evidentiary advice he received from trial counsel.

Without a hearing, at a minimum, we do not know trial counsel's rationale when she counseled defendant about the State's plea offer and the admissibility of the prior statement from the witness. And on this record, we do not know if trial counsel's advice was at all shaped by whether the State procured the witness's unavailability, and if so, how that procurement impacted her discussions with defendant. Accordingly, we reverse and remand for a full evidentiary hearing.

I.

At the conclusion of a re-trial, a jury found defendant guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1)-(2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). The sentencing judge imposed a sentence of life in prison with concurrent prison terms of five years and eighteen months. We affirmed defendant's convictions but remanded for re-sentencing. State v. Roman, No. A-0290-14 (App. Div. Oct. 7, 2016) (slip op. at 19). On remand, defendant received an aggregate sentence of life in prison. That led to the PCR petition and the entry of the order under review.

We briefly refer to the facts as expressed in our unpublished decision. Defendant and A.C. had a six-year relationship. Id. at 2. Sometime after this relationship deteriorated, A.C. began dating the victim. Id. at 3. A.C. testified that defendant would call her and ask about her relationship with the victim. Ibid. A.C. and defendant eventually began dating again. Ibid.

W.M., the witness whose statements were admitted due to his unavailability in the second trial, testified at defendant's first trial. Id. at 3-4. During the first trial, he testified that he knew defendant and the victim. Id. at 4. He explained he was in the parking lot of a housing complex in Jersey City when he heard a commotion and saw people running. Ibid. He did not elaborate more about the incident until he was confronted with a statement he previously made to detectives, ibid., in which he said he saw defendant stab the victim in the back, id. at 5; however—and especially pertinent here—in his PCR certification, W.M. denied the accuracy of his statement, explaining that he had his back turned, so he could not see the incident. W.M. then purportedly went missing before the second trial.

M.B. testified that he was in his home when the victim entered the residence. Id. at 6. M.B. said he saw blood on the victim's shirt. Ibid. The victim tried to walk through the front door but collapsed. Ibid. M.B. then

4

testified that the victim's brother came and took the victim to the hospital. Ibid.

The victim then died at the hospital. Ibid. The medical examiner testified that the victim had two large stab wounds in the back, the first wound being the cause of death, as it perforated the victim's heart and lungs. Ibid. The medical examiner said the stab wounds were caused by a very sharp object. Ibid. Detectives later found a knife in a sewer on the street. Id. at 7. The sewer was near defendant's known residence. Ibid.

On appeal, defendant raises the following points for this court's consideration:

[POINT] I

DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING AS TO THE ISSUES RAISED IN HIS PETITION FOR [PCR.]

A. Defendant Is Entitled To An Evidentiary Hearing As To His Claims Of Ineffective Assistance of Trial Counsel.

1. Defendant's contention that trial counsel's erroneous legal advice caused him to reject a favorable plea offer can only be determined in an evidentiary hearing.

2. Trial counsel's deficient performance in conducting the [N.J.R.E.] 104 Hearing

and/or failing to request a continuance constitutes ineffective assistance of counsel.[3]

B. Because The State's Improper Conduct Caused [W.M.] To Be Unavailable At Trial, His Prior Statement And Testimony Should Not Have Been Permitted Into Evidence.

## II.

When a PCR judge does not conduct an evidentiary hearing—like here—we review the PCR judge's factual findings and legal conclusions de novo. See State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016); see also State v. Zeikel, 423 N.J. Super. 34, 41 (App. Div. 2011) (explaining our "standard of review is . . . plenary" where the PCR judge "did not take any testimony but relied solely on the same documentary record that is before [an appellate court] on appeal").

To establish a prima facie claim of ineffective assistance of counsel, defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, the defendant must establish that his counsel "made errors so serious that counsel

---

[3] To comport with our style conventions, we altered the capitalization of plaintiff's subpoints 1 and 2, but we have omitted these alterations for readability.

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, this court must consider whether a trial counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, the defendant must show a "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," id. at 687, and establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome," id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to [the] defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). But a defendant is entitled to an evidentiary hearing if the facts viewed "in the light most favorable to

A-4097-19

defendant," would entitle him to PCR. State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)); R. 3:22-10(b). "If, with the facts so viewed, the PCR claim has a reasonable probability of being meritorious, then the defendant should ordinarily receive an evidentiary hearing in order to prove his entitlement to relief." State v. Jones, 219 N.J. 298, 311 (2014). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

If, as alleged here, the record "does not fully satisfy the question whether [trial counsel] was ineffective during plea discussions and negotiations," then a defendant is entitled to an evidentiary hearing "surrounding [a] defendant's claims in respect of his rejection of the plea offers." State v. Allegro, 193 N.J. 352, 372 (2008). A defendant is entitled to an evidentiary hearing "particularly when the dispute regards events and conversations that occur off the record or outside the presence of the judge." State v. Porter, 216 N.J. 343, 354 (2013). "[A] defendant must show the outcome of the plea process would have been different with competent

advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012). To prove ineffective assistance of counsel as to the rejection of an offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the [judge] would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.
>
> [Id. at 164 (emphasis removed).]

## III.

Defendant argues there are two material issues of disputed fact that cannot be resolved without an evidentiary hearing. First, his trial counsel was unfamiliar with the rules of evidence—specifically, N.J.R.E. 804—and improperly advised him of the admissibility of W.M.'s statement, which caused him to reject the State's favorable plea offer. Second, the State procured the unavailability of W.M. so his statement should not have been admitted. Defendant is entitled to an evidentiary hearing to resolve these questions before adjudicating his petition.

A-4097-19

A.

Defendant contends that on the first day of the re-trial he rejected the plea offer because his counsel advised him W.M.'s prior testimony was inadmissible hearsay. The State previously conceded that on the first day of trial, it made a plea offer of ten years in prison. The State asserts that defendant's contention is "a bare allegation" and defendant has not provided "contemporaneous evidence that he would have accepted the plea." Both the State and defendant rely on Allegro to support their contentions.

At the re-trial, the State moved under N.J.R.E. 804 to have W.M.'s testimony "permitted . . . into evidence [as] prior testimony" because W.M. was an unavailable witness. The PCR judge found trial counsel's performance sufficient because there was nothing to indicate that counsel did not understand the rules of evidence, "even due to her unfortunate comment" that she had never participated in a N.J.R.E. 104 hearing. But on this record, defendant made a prima facie case that his trial counsel was unfamiliar with our rules of evidence and, as a result, she erroneously advised him W.M.'s prior testimony, which included his statements to the detectives that defendant stabbed the victim, could not be introduced into evidence at the retrial if W.M. did not appear. Indeed, she admitted in her certification that she advised

10

defendant W.M.'s prior statement could not be admitted at the re-trial under New York law. But not until the third day of the re-trial, when she reviewed N.J.R.E. 804 carefully, did she realize that "it could be admitted in New Jersey." When arguing against the admissibility of W.M.'s prior statements, she stated, "I understand that there's a section in the [N.J.R.E.] 804, and I've reviewed it very carefully." But again, she apparently did not do so until the third day of trial, after she advised defendant to reject the offer. On this record, defendant made a prima facie case that trial counsel misinformed defendant about the admissibility of W.M.'s prior testimony and statements to the detective at the time he considered and then rejected the State's ten-year plea offer. Counsel's alleged misadvice is of particular significance because there was no forensic evidence tying defendant to the stabbing, and W.M. was the only person claiming, at least in his initial statement to the detectives, he saw defendant stab the victim. Thus, the admission of W.M.'s prior testimony, which included the admission of his statement to the detectives, was very significant evidence at the retrial.

There are also ambiguities as to the State's plea offer and the trial advice given to defendant by his counsel. The record, as it stands now, "does not fully satisfy the question whether [trial counsel] was ineffective during plea

11 <span style="float:right">A-4097-19</span>

discussions and negotiations," thus, defendant is entitled to an evidentiary hearing "surrounding . . . claims in respect of his rejection of the plea offer[]." Allegro, 193 N.J. at 372. Crucially to defendant's claim, it is unclear what trial counsel told defendant as she only states that she "was aware that [the prior testimony] could be admitted in New Jersey if [W.M.] was properly found to be unavailable under the applicable evidence rule." But her certification is vague as to what she advised defendant. And, in defendant certification, he states counsel advised him W.M.'s prior testimony could not be admitted at the re-trial if he did not appear. Much like in Allegro, here, the record is "less than complete" and there needs to be "a more robust exposition of the facts surrounding defendant's claims." Ibid.

B.

Defendant also asserts that the State caused W.M.'s unavailability at the second trial and his prior statement should not have been permitted into evidence. When a declarant is unavailable, N.J.R.E. 804(b)(1)(A) allows for the admission of a testimony in a prior proceeding if the testimony

> (i) was given by a witness at a prior trial of the same or a different matter, or in a hearing or deposition taken in compliance with law in the course of the same or another proceeding; and (ii) is now offered against a party who had an opportunity and similar motive in the prior trial, hearing or proceeding to

12

develop the testimony by examination or cross-examination.

A declarant is deemed unavailable if he "is absent from the trial, hearing, or proceeding because of death, physical or mental illness or infirmity, or other cause," N.J.R.E. 804(a)(4), except if "the declarant's unavailability has been procured or wrongfully caused by the proponent of declarant's statement for the purpose of preventing declarant from attending or testifying," N.J.R.E. 804(a); see also State v. Rinker, 446 N.J. Super. 347, 359 n.8 (App. Div. 2016) (explaining that in those circumstances "the declarant is not 'unavailable' for purposes of N.J.R.E. 804").

Pertinent to defendant's argument about whether the State procured the unavailability, a PCR judge must consider the facts presented in a light most favorable to the petitioning defendant. Preciose, 129 N.J. at 462-63. Determinations of credibility should not be made solely based upon a review of competing affidavits. Porter, 216 N.J. at 356. To the extent that the certifications of W.M., defendant, and his trial counsel conflict, credibility determinations must be left for an evidentiary hearing.

In W.M.'s certification, he claims that the State caused his non-appearance at the re-trial. He certified that the prosecutor's office told him, "[T]hey were unhappy with [his] testimony at the first trial and they were

13

responsible for [his] benefits being suspended." The PCR judge considered this information but concluded that these were "wild assertions." He concluded from W.M.'s certification that the witness may have had a subjective belief that the State did not want him to testify. Again, credibility determinations and whether the State procured his unavailability cannot be made on this record but rather must be addressed at a hearing.

## IV.

Defendant also claims that his trial counsel was ineffective in conducting the N.J.R.E. 104 hearing and improperly failing to request a continuance. The State contends this issue is barred under Rule 3:22-4 and Rule 3:22-5 because defendant did not raise this issue on direct appeal and could have done so.[4] On this record, we are unable to address defendant's contention. Trial counsel's decision not to request a continuance to sufficiently address W.M.'s

---

[4] Defendant does not suggest in his merits brief or reply brief that his appellate counsel's conduct fell below an objective standard of reasonableness. This is despite raising the subject in his original PCR petition. There is a general "policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because they generally require examination of evidence outside the trial record." Preciose, 129 N.J. at 460; see also State v. Miller, 216 N.J. 40, 70 n.7 (2013) (stating that the appropriate setting for an ineffective assistance of counsel claim is an application for PCR). On remand, defendant may raise all PCR claims raised in his petition.

unavailability goes beyond the trial record and can be addressed on remand during the evidentiary hearing.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION