**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2700-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRUCE KERN,

    Defendant-Appellant.

_____

Submitted July 11, 2022 – Decided July 21, 2022

Before Judges Fasciale and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Municipal Appeal No. 20-0006.

Bruce Kern, appellant pro se.

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bruce Kern appeals from the April 6, 2021 order denying his petition for post-conviction relief (PCR). He also challenges the April 23, 2021 order denying his motion to reconsider the April 6 order. We affirm, substantially for the reasons outlined by Judge Thomas J. Shusted, Jr. in his cogent oral and written opinions.

I.

On February 6, 2017, defendant was tried and convicted in the Audubon-Haddonfield Municipal Court of obstructing the administration of law or other governmental function, N.J.S.A. 2C:29-1(a).[1] The conviction stems from a January 2017 incident when defendant was stopped on the street by a sergeant from the Audubon Police Department who was investigating a report of "a male

---

[1] N.J.S.A. 2C:29-1(a) provides:

> A person commits an offense if he [or she] purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. This section does not apply to failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

A-2700-20

throwing things in the roadway and swinging an object" in "the 600 block of Nicholson Road."

At trial, the sergeant testified he saw defendant in the area where the criminal activity allegedly occurred, so he approached defendant and asked him for his name and date of birth. Defendant refused to provide this information, despite the sergeant's repeated requests. Even after defendant was warned he would be arrested unless he provided the information requested, defendant "affirmatively indicated . . . he was not going to give [the sergeant] his identifiers."

Defendant appeared pro se at trial and elected to testify on his own behalf. He stated when the sergeant stopped him and asked for his "information," defendant answered, "I'm not giving you my information, I don't have to." Defendant also conceded he "had . . . a little bit of an attitude . . . at that point because [he] didn't understand why [he] was being stopped."

Immediately following the conclusion of the trial, defendant was found guilty of obstruction, sentenced to one year of probation and fines, and ordered to undergo a mental health evaluation. After the municipal judge advised defendant he had "[twenty] days from [the date of his conviction] to perfect an appeal," defendant stated he understood his appellate rights.

A-2700-20

Defendant filed a timely appeal from his conviction and sentence with the Law Division. But because he failed to pay the requisite filing fee for his appeal after his request for a waiver of the fee was denied, a Law Division judge issued an order in May 2017 forfeiting the February 7, 2017 filing date of defendant's appeal. In 2019, we affirmed the May 2017 order, State v. Kern, No. A-4848-16 (App. Div. Feb. 1, 2019) (slip op. at 2), and several months later, the Supreme Court denied defendant's petition for certification, State v. Kern, 239 N.J. 392 (2019).

In February 2020, defendant filed a PCR petition in the Audubon-Haddonfield Municipal Court, contending his 2017 conviction stemmed from his being "illegally[] detained, arrested, and charged with [o]bstruction of [j]ustice for simply remaining silent during an unwarranted fishing expedition by" the Audubon Police Department. Following a hearing in March 2020, at which defendant appeared pro se, the same judge who presided over defendant's municipal trial denied his PCR petition.

Defendant appealed from the denial to the Law Division. After hearing argument from defendant's assigned counsel and the State on April 6, 2021, Judge Shusted orally denied defendant's PCR petition. The judge reviewed the history of the case and noted defendant's initial appeal from his municipal court

conviction "was forfeited . . . pursuant to Rule 1:5-6(c) because . . . defendant didn't pay a fee." Further, Judge Shusted stated "[t]he claim . . . defendant raises . . . is procedurally barred under Rule 7:10-2(b)(3) because it could, and it should have been brought on the direct appeal." The judge explained a PCR petition "is not a substitute for an appeal" and defendant failed to demonstrate he qualified for any exception under Rule 7:10-2 that would allow him to now vault the procedural bar. Additionally, Judge Shusted declined defendant's request to revisit his 2017 conviction for obstruction, finding defendant's PCR claims were procedurally barred. Immediately following argument, Judge Shusted entered a conforming order denying defendant's petition.

Defendant moved for reconsideration of the April 6 order. On April 23, 2021, Judge Shusted denied the reconsideration motion, finding it did "not present any new information" to the court, "[d]efendant's claims were procedurally barred and . . . [he] had not made any showing of a 'fundamental injustice' . . . to overcome this bar."

II.

On appeal, defendant presents the following overlapping arguments for our consideration: (1) the Law Division judge "misinterpreted the 'fundamental injustice' exception to the PCR bar where the municipal court's plain error had

played a role in the determination of guilt"; and (2) "because the municipal court made a 'plain error' in the determination of guilt, the defendant's conviction should be overturn[ed] in the interest of justice and remanded for a new trial." We are not persuaded.

Preliminarily, we observe that when we review a Law Division order resulting from a de novo review of an appeal from a municipal court, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961)). Further, when a judge decides a PCR petition without an evidentiary hearing, we conduct a de novo review of the Law Division's factual findings and legal conclusions. See State v. Harris, 181 N.J. 391, 421 (2004); see also State v. Zeikel, 423 N.J. Super. 34, 41 (App. Div. 2011) (explaining an appellate court's "standard of review is . . . plenary" where the trial court "did not take any testimony but relied solely on the same documentary record that is before [the appellate court] on appeal").

It also is well established a PCR "is not a substitute for appeal from a conviction or for a motion incident to the proceedings in the trial court." R. 7:10-2(b)(3). Thus, "a defendant may not employ [PCR] to assert a new claim that could have been raised on direct appeal." State v. Goodwin, 173 N.J. 583,

6

593 (2002) (citations omitted).  Under Rule 7:10-2(d)(1), a defendant may be barred from asserting any claims he or she could have raised at trial or on direct appeal unless a judge concludes:  "(A) the grounds for relief not previously asserted could not reasonably have been raised in any prior proceeding; (B) enforcement of the bar would result in fundamental injustice; or (C) denial of relief would be contrary to the Constitution of the United States or of New Jersey."    This rule is intended "to promote finality in judicial proceedings."  State v. Echols, 199 N.J. 344, 357 (2009) (quoting State v. McQuaid, 147 N.J. 464, 483 (1997)).

Additionally, we note a trial court's decision to deny a motion for reconsideration will be upheld on appeal unless the motion court's decision was an abuse of discretion.  Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (citing Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002)).  An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir. 1985)).  Reconsideration should only be used "for those cases which fall into that narrow corridor in which either[:]  1) the [c]ourt has expressed its decision

A-2700-20

based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Mindful of these standards, we agree with Judge Shusted's finding that defendant's PCR claims were procedurally barred because they could have been — but were not — addressed on direct appeal. See R. 7:10-2(b)(3) and (d)(1). Such claims include the contention the municipal judge committed "plain error" by misinterpreting the obstruction statute. Moreover, we are persuaded Judge Shusted correctly concluded defendant failed to show a basis to vault the procedural bar because he did not establish: (1) the grounds for relief not previously asserted could not reasonably have been raised in any prior proceeding; (2) enforcement of the bar would result in fundamental injustice; or (3) there had been an infringement on his constitutional rights. R. 7:10-2(d)(1)(A)-(C).

In reaching this result, we are satisfied defendant's PCR claims turn exclusively on the record established at the municipal trial. Thus, all the information necessary to assert his claims was available to him when he

appealed from his municipal conviction in 2017. But, as we noted in our 2019 unpublished opinion, defendant failed to cure his deficient appeal, despite the opportunity to do so, after his request for a waiver of the filing fee was denied; and we denied leave to appeal from that denial. Kern, (slip op. at 2-3).

Finally, because Judge Shusted's April 6 decision was not based upon a "palpably incorrect or irrational basis" and he did not overlook probative evidence presented to him, we are convinced he did not abuse his discretion in denying defendant's reconsideration motion. Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION