671 A.2d 611

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
ROBERT NICOLAI, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 6, 1996—Decided February 28, 1996.

Before Judges MICHELS, BAIME and KIMMELMAN.

*John Dangler,* Morris County Prosecutor, attorney for appellant (*Joseph Connor, Jr.,* Assistant Prosecutor, on the letter-brief).

*Advokat & Rosenberg,* attorneys for respondent (*Jeffrey M. Advokat,* on the brief).

The opinion of the court was delivered by

BAIME, J.A.D.

The State appeals, contending that the Law Division imposed an illegal sentence on defendant's fourth conviction for driving while intoxicated (*N.J.S.A.* 39:4–50). We agree and reverse.

The tortured procedural history of this case can only be understood in the context of our drunk driving laws, which provide enhanced penalties for repeat offenders. Penalties for first offenders include a fine between $250 and $400, detainment between twelve and forty-eight hours at an Intoxicated Driver Resource Center, license suspension for a period between six months and one year, and a maximum term of thirty days imprisonment. *N.J.S.A.* 39:4–50(a)(1). Second offenders must perform thirty days of community service and are subject to a fine of between $500 and $1,000, a mandatory two year license revocation, and a term of imprisonment from forty-eight hours to ninety days in length. *N.J.S.A.* 39:4–50(a)(2). Penalties for third or subsequent violations include a mandatory $1,000 fine, a mandatory ten year license revocation, and a mandatory custodial term of 180 days, which may be commuted to ninety days incarceration with ninety days of community service. *N.J.S.A.* 39:4–50(a)(3). If more than ten years elapse between convictions, the earlier violation is forgiven for the purpose of sentencing. *N.J.S.A.* 39:4–50(a).

Against this statutory backdrop, defendant was convicted of drunk driving in 1979, 1980 and 1992. Because over ten years had elapsed between defendant's second and third violations, the municipal court treated him as a second offender when it sentenced him on the 1992 conviction. However, the municipal court subsequently granted defendant's motion for reconsideration and sentenced him as if he were a first offender. The circumstances surrounding defendant's resentencing can fairly be described as murky and enigmatic. We have not been supplied with a tran-

script of the resentencing proceedings. All parties agree that the municipal court was in error and that defendant should have been sentenced as if he were a second offender.

On January 20, 1995, defendant was again charged with driving while intoxicated. Following defendant's plea of guilty, the municipal court treated the conviction as a third offense and sentenced him in accordance with the progressively enhanced penalties provided in *N.J.S.A.* 39:4–50(a)(3). Defendant appealed to the Law Division, claiming that the State could not now correct the error made in 1992 by considering him a third rather than a second offender. The Law Division agreed, concluding that it would be a violation of due process to impose a sentence inconsistent with defendant's reasonable and justifiable expectations.

We reject that conclusion. What is involved here is the judicial obligation to enforce a legislatively mandated sentence. When the Legislature imposes minimum penalties for certain offenses, the judiciary must enforce that mandate. *See State v. Jefimowicz,* 119 *N.J.* 152, 162, 574 *A.*2d 428 (1990); *State v. Des Marets,* 92 *N.J.* 62, 80–81, 455 *A.*2d 1074 (1983); *State v. Bausch,* 83 *N.J.* 425, 433, 416 *A.*2d 833 (1980); *State v. Fearick,* 69 *N.J.* 32, 38, 350 *A.*2d 227 (1976). We would frustrate the legislative command if we were to conclude that defendant could avoid the statutorily required minimum sentence for a third offender merely because the municipal court imposed an illegal penalty on an earlier conviction and the prosecutor failed to challenge that error by filing an appeal. *See State v. Baker,* 270 *N.J.Super.* 55, 76, 636 *A.*2d 553 (App.Div.), *aff'd o.b.,* 138 *N.J.* 89, 648 *A.*2d 1127 (1994). The Constitution does not require us to treat sentencing as a game in which a misplay by a judge means immunity for an offender. *See Bozza v. United States,* 330 *U.S.* 160, 166–67, 67 *S.Ct.* 645, 649, 91 *L.Ed.* 818, 822 (1947). An illegal sentence may be corrected at any time. *State v. Tavares,* 286 *N.J.Super.* 610, 616–17, 670 *A.*2d 61 (App.Div.1996); *State v. Baker,* 270 *N.J.Super.* at 72–77, 636 *A.*2d 553; *State v. Kirk,* 243 *N.J.Super.* 636, 643, 581 *A.*2d 115 (App.Div.1990); *State v. Laurick,* 231 *N.J.Super.*

464, 474 n. 4, 555 A.2d 1133 (App.Div.1989), *rev'd on other grounds*, 120 *N.J.* 1, 575 A.2d 1340, *cert. denied*, 498 *U.S.* 967, 111 *S.Ct.* 429, 112 *L.Ed.*2d 413 (1990); *State v. Flores*, 228 *N.J.Super.* 586, 596 n. 2, 550 A.2d 752 (App.Div.1988), *certif. denied*, 115 *N.J.* 78, 556 A.2d 1220 (1989); *State v. Paladino*, 203 *N.J.Super.* 537, 549, 497 A.2d 562 (App.Div.1985); *State v. Sheppard*, 125 *N.J.Super.* 332, 336, 310 A.2d 731 (App.Div.), *certif. denied*, 64 *N.J.* 318, 315 A.2d 407 (1973); *see also State v. Haliski*, 140 *N.J.* 1, 656 A.2d 1246 (1995). Indeed, an illegal sentence may be increased to conform to the dictates of a statute. *See, e.g., State v. Eigenmann*, 280 *N.J.Super.* 331, 337, 655 A.2d 452 (App.Div.1995).

■  We find no basis for the Law Division's statement that a sentence in accordance with the mandatory penalties provided by *N.J.S.A.* 39:4–50(a)(3) would conflict with defendant's justifiable expectations. No defendant can claim a legitimate expectation of finality in a sentence below the statutorily mandated minimum. *State v. Eigenmann*, 280 *N.J.Super.* at 337, 655 A.2d 452. In any event, the sentence at issue here is not the one imposed in 1992. No one seeks to compel defendant at this late date to serve the sentence that should have been imposed on that conviction. Defendant has already benefitted from the mistake made on that occasion, but he has no vested right in perpetuating that illegality.

We have characterized drunk driving as "one of the chief instrumentalities of human catastrophe." *State v. Grant*, 196 *N.J.Super.* 470, 476, 483 A.2d 411 (App.Div.1984). Clearly, defendant could have no reasonable expectation that if he drove while intoxicated he would be subject only to the penalties provided for second offenders. In another context, we have held that the failure to receive written or oral notice of the penalties applicable to a second, third or subsequent conviction does not bar imposition of the progressively enhanced sentences mandated by our statutes. *State v. Petrello*, 251 *N.J.Super.* 476, 478–79, 598 A.2d 927 (App.Div.1991); *see also N.J.S.A.* 39:4–50(c). The underlying principle applies with equal force here. To the extent that the Law Division's decision in *State v. Decher*, 196 *N.J.Super.* 157, 481

*A*.2d 848 (Law Div.1984), differs from our holding in this case, we disapprove of that opinion.

The record before us does not suggest that defendant pled guilty because he erroneously believed he was subject only to the penalties applicable to a second offense. In any event, our decision is without prejudice to defendant's right to move to vacate his plea.

The judgment of the Law Division is reversed, and the matter is remanded to that court for resentencing in accordance with this opinion.