**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0923-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS BURNS a/k/a THOMAS M.
BURNS, and TOM BURNS,

    Defendant-Appellant.

_____

        Telephonically argued May 23, 2017 —
        Decided June 12, 2017

        Before Judges Nugent and Geiger.

        On appeal from Superior Court of New Jersey,
        Law Division, Cape May County, Indictment No.
        14-10-878.

        A. Harold Kokes argued the cause for
        appellant.

        Gretchen A. Pickering, Assistant Prosecutor,
        argued the cause for respondent (Robert L.
        Taylor, Cape May County Prosecutor, attorney;
        Ms. Pickering, of counsel and on the brief).

PER CURIAM

    Defendant Thomas Burns appeals from his conviction for

violating N.J.S.A. 2C:40-26(b) by driving during a second or

subsequent license suspension for driving while intoxicated (DWI). We affirm.

Defendant is a Pennsylvania resident whose driver's license was issued by the Commonwealth of Pennsylvania. On June 5, 2014, defendant was stopped by police while driving his vehicle in Ocean City and issued summonses for driving with a suspended license in violation of N.J.S.A. 39:3-40, and driving without an interlock device in violation of N.J.S.A. 39:4-50.19.

On July 31, 2014, the police discovered that defendant's driving privileges in New Jersey were suspended for ten years due to driving while intoxicated (DWI) contrary to N.J.S.A. 39:4-50. The police also learned defendant had multiple prior convictions and license suspensions for driving under the influence of alcohol (DUI) in Pennsylvania. As a result, defendant was charged with violating N.J.S.A. 2C:40-26(b).

Defendant was indicted by a Cape May County Grand Jury for fourth-degree criminal trespass in violation of N.J.S.A. 2C:18-3(a) (count one), and fourth-degree operating a motor vehicle during a second or subsequent suspension stemming from a DWI, in violation of N.J.S.A. 2C:40-26(b) (count two). Defendant moved to dismiss count two of the indictment, arguing that his prior DUI convictions in Pennsylvania did not qualify as predicate DWI

convictions under N.J.S.A. 2C:40-26(b). Judge John C. Porto denied the motion on March 13, 2015.

On June 19, 2015, defendant entered a conditional plea of guilty to fourth-degree operating a motor vehicle during a second or subsequent suspension resulting from a DWI, in violation of N.J.S.A. 2C:40-26(b), in exchange for a sentencing recommendation of the mandatory minimum 180-day jail term without parole, applicable fines and penalties, and dismissal of count one. Defendant also preserved his right to appeal the denial of his motion to dismiss. Defendant stipulates that on June 5, 2014 he was driving a motor vehicle while under suspension for a DWI in New Jersey and multiple DUI convictions in Pennsylvania.

On September 18, 2015, Judge Porto sentenced defendant to the mandatory 180 days in jail with no eligibility for parole, and ordered to pay appropriate fines and penalties. The judge dismissed the fourth-degree criminal trespass count pursuant to the terms of the plea agreement. The judge also dismissed the motor vehicle summonses without prejudice. Defendant was released on bail pending this appeal.

On appeal, defendant raises the following arguments:

POINT ONE

ACCORDING TO THE STATE'S PROOF, APPELLANT HAD
ONLY ONE (1) N.J.S.A. 39:4-50 CONVICTION ON

3                                                                  A-0923-15T3

THE DAY HE OPERATED A MOTOR VEHICLE IN OCEAN CITY, CAPE MAY COUNTY, NEW JERSEY.

POINT TWO

THE TRANSCRIPT OF THE GRAND JURY PROCEEDINGS REVEALS THAT THE EVIDENCE PRESENTED TO THE GRAND JURY WAS LEGALLY INSUFFICENT AND INCORRECT.

POINT THREE

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS BASED ON A STRICT CONSTRUCTION AND PLAIN READING OF N.J.S.A. 2C:40-26(b). FURTHER, APPELLANT HAD NO NOTICE THAT HE WOULD BE LIABLE FOR A FOURTH (4TH) DEGREE CRIME.

"When an appellate court reviews a trial court's analysis of a legal issue, it does not owe any special deference to the trial court's legal interpretation." State v. Schubert, 212 N.J. 295, 303-04 (2012). "'[A]ppellate review of legal determinations is plenary.'" Id. at 304 (quoting State v. Handy, 206 N.J. 39, 45 (2011). The issues presented are legal in nature, and thus our review is plenary.

Defendant argues that his motion to dismiss the indictment should have been granted because N.J.S.A. 2C:40-26(b) does not reference license suspensions from foreign jurisdictions and, therefore, the statute should be interpreted to require the previous license suspensions to be for convictions of N.J.S.A. 39:40-50, rather than another state's substantially similar DWI

statute.  Defendant further argues that the evidence provided to the Grand Jury was "legally insufficient and incorrect."

Our Supreme Court "has recognized the grand jury's independence and has expressed a reluctance to intervene in the indictment process."  State v. Hogan, 144 N.J. 216, 228 (1996).  "Whether an indictment should be dismissed or quashed lies within the discretion of the trial court.  Such discretion should not be exercised except on 'the clearest and plainest ground' and an indictment should stand 'unless it is palpably defective.'"  State v. N.J. Trade Waste Ass'n, 96 N.J. 8, 18-19 (1984) (quoting State v. Weleck, 10 N.J. 355, 364 (1952)).  "A trial court's exercise of this discretionary power will not be disturbed on appeal 'unless it has been clearly abused.'"  State v. Warmbrun, 277 N.J. Super. 51, 60, (App. Div. 1994) (quoting Weleck, supra, 10 N.J. at 364 (citations omitted)), certif. denied, 140 N.J. 277 (1995).  Here, Judge Porto held as a matter of law that the indictment did not suffer from an infirmity requiring its dismissal.  We agree.

N.J.S.A. 2C:40-26(b) states in pertinent part:

> It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of [N.J.S.A. 39:3-40], if the actor's license was suspended or revoked for a second or subsequent violation of [N.J.S.A. 39:4-50]. . . . A person convicted of an offense under this subsection shall be sentenced to a term of imprisonment.

In State v. Luzhak, 445 N.J. Super. 241, 244 (App. Div. 2016), we noted that "N.J.S.A. 2C:40-26(b) does not contain language that DWI convictions in other jurisdictions qualify as convictions for the purpose of the statute." Nonetheless, we determined that the Legislature's intent as evidenced by the language of the statute, the policy behind it, and legislative history was to include DWI convictions from foreign jurisdictions as predicate offenses under N.J.S.A. 2C:40-26(b). There, the "defendant was subject to indictment pursuant to N.J.S.A. 2C:40-26(b) based upon two prior DWI convictions, notwithstanding that one conviction was in Maryland." Id. at 247-48. We reached that conclusion based on our holding that the "defendant's conviction in Maryland qualified as a DWI in New Jersey." Id. at 248. We also adopted the rationale that "enhanced penalties pursuant to N.J.S.A. 39:4-50 or N.J.S.A. 39:3-40 may be triggered by a DWI conviction from another state." Ibid.

The same reasoning applies with equal force in this matter. We hold that defendant's prior DUI convictions in Pennsylvania qualify as predicate DWI convictions in New Jersey within the meaning of N.J.S.A. 2C:40-26(b).

We next address defendant's argument that the evidence presented to the Grand Jury was legally insufficient and incorrect.

6

Defendant claims that the State misinformed the Grand Jury by stating that defendant "knowingly did operate a motor vehicle during a period of license suspension in violation of R.S. 39:3-40, while his license was suspended for a second or subsequent violation of R.S. 39:4-50, contrary to the provisions of N.J.S.A. 2C:40-26(b)." We disagree. The quoted language merely recited the offense alleged in count two. The factual basis for count two was provided by the following testimony of Sergeant John Mazzuca:

> Q: While you were conducting that investigation, did you also ask the Defendant for his driver's credentials?
>
> A: Yes, I did.
>
> Q: Did he advise you or did you learn at that time that he was a suspended driver?
>
> A: I did.
>
> Q: And did you learn that he was suspended because he had a DUI?
>
> A: Yes.
>
> Q: And that is a violation of 39:4-50.
>
> A: That's correct.
>
> Q: He had one as recently as 2014.
>
> A: Yes.
>
> Q: Did you then conduct a further investigation and find that on at least two to three occasions previous to 2014, as recently as 2006, he had been convicted in the

State of Pennsylvania for driving while under
the influence?

A: Yes, he was.

Sergeant Mazzuca's testimony did not misinform or mislead the grand jurors. The evidence presented was not legally insufficient or incorrect. In any event, defendant does not deny that he was operating a motor vehicle while his license was suspended or revoked for a violation of N.J.S.A. 39:40-50 and a second or subsequent violation of Pennsylvania's DUI statute. Nor does he argue prosecutorial misconduct during the grand jury presentment.

Indictments are presumed valid. State v. Schenkolewski, 301 N.J. Super. 115, 137 (App. Div.), certif. denied, 151 N.J. 77 (1997). "As long as an indictment alleges all the essential facts of the crime, the charge is deemed sufficiently stated." Ibid. "[T]he indictment should not be dismissed unless its insufficiency is 'palpable.'" N.J. Trade Ass'n, supra, 96 N.J. at 19. Applying these principles, we find that the evidence before the grand jury presented a prima facie case of operating a motor vehicle while suspended or revoked for a second or subsequent DWI violation. The evidence was not "legally insufficient" or "incorrect."

Finally, we address defendant's argument that he should not be convicted of violating N.J.S.A. 2C:40-26(b) because he had no actual or constructive notice that his Pennsylvania DUI

convictions would serve as predicate offenses under N.J.S.A. 2C:40-26(b), thereby subjecting him to conviction of a fourth-degree crime. We disagree.

The Driver License Compact (DLC), N.J.S.A. 39:5D-1 to -14, includes reciprocity for DWI convictions. Luzhak, supra, 445 N.J. Super. at 246. Pennsylvania is a party state to the DLC. Scott v. DOT, 567 Pa. 631, 633, 790 A.2d 291 (2002). Pennsylvania's DUI statute mirrors Article IV(a)(2) of the DLC, "which proscribes driving under the influence of alcohol or drugs to a degree that renders the driver 'incapable of safely driving a motor vehicle.'" Id. at 637-38. A conviction under N.J.S.A. 39:4-50 is of a "substantially similar nature" to the DLC's requirement that a driver be "incapable of safely driving a motor vehicle." See id. at 643-44; N.J.S.A. 39:5D-1(b), art. IV(a)(2), (c). The elements of Pennsylvania's DUI statute, 75 Pa.C.S. § 3802 ("incapable of safely driving"), are also of a "substantially similar nature" to Article IV(a)(2) of the DLC ("incapable of driving safely") because both provisions focus upon individuals who are incapable of driving safely. Scott, supra, 567 Pa. at 638 (citing Petrovik v. Commonwealth, Dep't of Transp., 559 Pa. 614, 621, 741 A.2d 1264, 1268 (1999) (analyzing predecessor DUI statute, 75 Pa.C.S. § 3731(a)(1))). Moreover, the elements of Pennsylvania's DUI

statute, 75 <u>Pa.C.S.</u> § 3802, are substantially similar to <u>N.J.S.A.</u> 39:4-50(a).

We further note that repeat offenders have no constitutional right to written or oral notice of enhanced potential sentences in the future. <u>State v. Zeikel</u>, 423 <u>N.J. Super.</u> 34, 43-44 (App. Div. 2011); <u>State v. Nicolai</u>, 287 <u>N.J. Super.</u> 528, 532 (App. Div. 1996). Applying these principles, we hold that defendant's due process rights were not violated.

Judge Porto properly denied defendant's motion to dismiss the indictment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0923-15T3